We'll hear argument now in Patterson v. Howe. Mr. Murray. Good morning. May it please the Court. I'm here on behalf of the appellant defendant, Howard Howe, and this is a Fair Debt Collection Practices Act case. Mr. Howe is a collection attorney, and in May of 2016, he filed a collection action against the appellee plaintiff, in this case, Mark Patterson. That case, the collection action was to seek repayment of tuition fees that were owed to Indiana Tech, Indiana Institute of Technology. While the collection action was still pending in state court, Mr. Patterson filed this Fair Debt Collection Practices Act case in federal court in December of 2016. Excuse me. Mr. Patterson alleges that Mr. Howe engaged in deceptive and misleading misrepresentations or used unfair and unconscionable means under the Fair Debt Collection Practices Act because he served request for admission on Mr. Patterson at the same time that he served the complaint in the collection action. The collection action, meanwhile, went to mediation in federal court. The district court found that that was a substantive violation of the federal statute. Your brief purports to contest that in one paragraph at page 65 containing no citations and no argument. Do you think it's fair to say that you have forfeited that contention on appeal? No, Your Honor, because the substantive issue overlaps so much with the jurisdictional issue. I don't think so. What the act requires and whether somebody was harmed are distinct questions. We respectfully believe that the jurisdictional issue involves questions concerning whether Mr. Patterson was harmed, obviously, by the practice. And if there was no harm and if the practice itself was not likely to cause harm in these circumstances, it also would not be an unconscionable or misrepresentative or other means under the FDCPA. I think you will find at least one member of this panel is very reluctant to go backward from no harm, therefore no violation. We have quite a number of cases in this circuit saying we assume a violation, but the plaintiff does not have subject matter jurisdiction because there was no harm. As I say, we'd be very reluctant to kind of run that tape backward and say no harm, therefore no foul. This isn't football. There is absolutely no argument in the merits section of your brief, none, not a whit. We do refer back to the McCullough decision, Your Honor, which is discussed. It is discussed in relation to the jurisdictional issue. But it also goes that is the sole case that the district court relied on for the substantive finding of an FDCPA violation, the McCullough decision from the Ninth Circuit. And in that case, the court found that there was an FDCPA and Fair Debt Collection Practices Act violation. Because the request for admission served in that case, asked the defendant, the pro se defendant, to admit facts that were untrue, which would have forfeited the collection action defendant's statute of limitations defense. I must say, your statement that this section of the brief refers to the Ninth Circuit case and discusses it does not accord with your brief, which I'm staring at. It is one paragraph, there are no citations, and there's no argument. It doesn't refer to anything. Your Honor, we did not include a cross citation to that part of the brief in our opening brief, but we do in our reply brief. The usual word about reply briefs is too late. You have to make your argument in your opening brief. Yes, Your Honor. With respect to the jurisdictional issue, which would dispose of this case obviously entirely, there are two issues with the district court's decision. The first being that the harm that the district court relied on occurred four months after the Fair Debt Collection Practices Act complaint was filed. That fact did not even become known or part of the record until about four and a half years into the case. Would you agree that under the law of this circuit at the time the complaint was filed, however, there was standing? No, Your Honor. In Mr. Howe's summary judgment briefing, he cited Spokio. He relied on the case that this court subsequently relied on in Casillas. I apologize if I mispronounced that. You're unwilling to acknowledge that there in essence was a revolution in this court's FDCPA standing jurisprudence starting in the last few couple of months of 2020? There were obviously an avalanche of cases after this case was filed. To put it mildly. Yes, Your Honor. And along those lines, you've been very critical of plaintiffs' effort to, in essence, fix the standing problem, as you see it, right? There have been procedural issues. We raised objections to, Your Honor. And I guess my question is, given the dramatic changes in this court's jurisprudence on this question, why would it be at all unfair to allow parties to, in essence, respond to new questions and changes in the law with additional evidence and or allegations? I'd like to focus on what specifically happened here, and that was that the plaintiff, Mr. Patterson, stipulated the summary judgment based on the allegations. Let's assume that it took him four years. Judge Hamilton's question is one I share. What's the problem with fixing it later? There's a statute, which the parties don't refer to. Statute is 28 U.S.C. 1653, which says that jurisdictional allegations may be amended at any time in the litigation, even in the court of appeals. Well, doesn't that just completely undercut any argument that it was too late to amend jurisdictional allegations? How he amended it was to add an assertion. And if you assume that the deposition was an amendment, how he amended it was to add a claim that the harm or the injury, in fact, occurred four months after the… It's a different problem whether the amendment was adequate from whether the amendment was in time. Section 1653 tells us it is never too late to amend your jurisdictional allegations. Now, we can discuss whether the jurisdictional allegations are adequate, but it's never too late to amend them. That's what the statute says. Certainly in the district court, and so far to date in this court, there has been no formal motion for an amendment of the jurisdictional allegations. It can be amended today, right here. That's what the statute says. Drop this line. You want to argue whether there was real harm. Yes, Your Honor. And that, I think, obviously disposes of the case, irrespective of the other issues, Your Honor. And that is, first of all, as I noted, the injury, the only precise injury that was ever identified by Mr. Patterson was this alleged allegation that he lacked leverage at the mediation that occurred four months after the Fair Debt Collection Practices Act complaint was filed. That is insufficient to retroactively create jurisdiction. Is that reframing, though, what he has identified both at the deposition and during, in the order there where it characterizes the deposition? Having reviewed that, wasn't the argument, though, the loss of a legal defense? He has never identified any specific defense that he lost, Your Honor. And that's what distinguishes this case from the plethora of cases that talk about statute limitations, for example, defenses being, or zombie cases being revived. Here, Mr. Patterson never put a name on any defense that he alleged he had to the collection action complaint. That is, he never said that it was beyond the statute of limitations. He filed an answer that said, in essence, this all happened because the university screwed up, right? They gave him bad information. He filed an answer denying the claim, right? He filed an answer denying the claim, Your Honor, yes. So, clearly, there's, may have been right, may have been wrong. Ultimately, that was settled, right? It was, Your Honor. Okay. I guess I have two questions. One, why on earth did that get settled without resolving the pending Fair Debt Collection Practices Act claim at the same time? I can't imagine that happening. But here we are. And second, what is your, how would it affect your standing argument if a plaintiff had waited until a month after the mediation resulted in the settlement of the state case to file this claim? That gets to the second reason why we contend that the issue that the court focused on is insufficient to create an injury in fact. And that is, it's an entirely, entirely subjective issue, this leverage. And the belief that he lacked leverage, and that's why we have focused somewhat on what were the merits defenses. Okay. Can I, can we go back for a second, though? Yes, Your Honor. How is this not resolved in the settlement of the collection case? That's an interesting question because Mr. Patterson, although he was represented by counsel in the Fair Debt Collection Practices Act, continued to be pro se in the collections action. Mr. Howe, however, was the defendant in the pending case, and he didn't get a release? I was not involved, Your Honor. There's no release that I'm aware of, Your Honor. I would like to reserve some time for rebuttal, but I'm happy to address further questions now if the court would like. I don't see any at the moment. Thank you. Thank you, Mr. Murray. Mr. Duff. To please the court, my name is Robert Duff. I represent the plaintiff, Appley Mark Patterson. I want to start out this morning by apologizing to the court for perhaps some confusion or complexity that's been added to the standing analysis or inquiry here as a result of the plaintiff coming forward with evidence that the request for admissions hurt him in the state court case. That was done out of an abundance of caution, but we do not believe that that evidence is necessary to establish standing under this court's precedent. Under this court's precedent, that evidence was unnecessary, and all that was necessary was to show that the plaintiff, Mr. Patterson, would have done something different if he, absent the violation, or if he had been provided the information that would have avoided the violation. Mr. Duff, why didn't you tell Mr. Patterson that he could simply seek to withdraw the effects of the request for admissions, particularly given his simultaneous, his timely answer denying the claim? I didn't represent him in the state court debt case. Made that very clear. That was documented in our representation agreement. And he... So you just left him to sink or swim in the state case and then pursue the federal remedy? You could put it like that, Judge. I simply did. I am mystified by this case. I'm mystified that Mr. Howe didn't get a release when the state collection claim was settled, and I'm mystified that you didn't tell Mr. Patterson that the requests for admissions should have been easily set aside under those circumstances. Mr. Howe didn't get a release because the settlement, so-called settlement, was an agreed judgment that got filed with the court, so there was no... If it's agreed, it can be agreed with a release. Yeah. And so just so I'm clear, reviewing the record, the representation was made by Mr. Patterson that you advised him that the admissions were deemed admitted now that you failed to respond. And that's what was represented in the record. Is that incorrect because we used the sink or swim language? No, I believe that is correct. You did advise him that they were deemed admitted. But it was... Yes. Okay. But it was in the context of the inquiry into the FDCPA violation related to that case. I understand how that could be partly mystified, but that, in fact, was just what happened. He handled the state court case, and I represented him in the FDCPA case, and there was not a lot of overlap. So let me try to put the question this way, Mr. Duff. When do you contend Mr. Patterson suffered an injury in fact in this case? We contend that he suffered the injury in fact when he did not timely respond and the admissions were deemed admitted as a matter of law, under Indiana law. And we believe that that is sufficient and that the LaValle versus MedOne case is controlling here and essentially is on all fours with that. Let me explain. In the LaValle case, the consumer had a right to receive a validation notice from the debt collector and be informed how to dispute the debt. And she did not receive that validation notice. The court there concluded in looking at standing that it was reasonable to infer that had she received that notice that she would have disputed, and that would have stopped the collection action temporarily while the debt collector obtained verification and provided that to her. And there was no further requirement in the court's analysis that that dispute that she would have made would help her or alter the case in any way. It was just simply the fact that she would have made a different decision if she had been given the information that she was entitled to. The same thing occurred here. Mr. Patterson was entitled to be informed that these requests for admissions would be deemed admitted if he didn't respond to them in 30 days. Why? Does any rule of state practice require that? No. Don't you think it's bizarre to say that some federal statute requires a plaintiff in state court to notify the adversary about rules of state procedure? No, I don't. This is a consumer protection statute, and that does not have to occur if you're dealing with an attorney. Have we ever held that the Act requires that? Has any court of appeals ever held that the federal statute requires the plaintiff in state court to notify the defendant in state court about how state rules of procedure operate in state court? There are requirements that the debt collector— No, I asked a question whether particular cases have so held. Yes. Do you know of such a case? I believe so. I believe the court has said that if a debt collector is collecting a debt that's outside the statute of limitations under state law, that the debt collector in certain situations has to inform the consumer that the debt that has passed the statute of limitations and the consumer, if they do certain things— I wish you would address my question. Has a federal court held that the plaintiff suing in state court must inform the defendant about a state rule of procedure in the litigation? I don't know. The statute of limitations is not a rule of procedure. I looked to see if I could find such a case. Completely unhelped by Mr. Murray's citation-free argument section, didn't find it. I can't put my finger on it. to say that the Fair Debt Collection Practices Act now regulates notice about state rules of procedure. I don't think we're going to have an occasion to tackle that here, given the lack of argument from the appellant, but it's a potentially important question. I understand your remarks. We believe that the Patterson case here is on all fours with LaValle and that Mr. Patterson had the right to know. Or conversely, he just don't commit the FDCPI violation and send requests for admissions with the summons and complaint. I'm having the same problem, frankly, on the merits. The federal rules of civil procedure have requests for admissions and don't require the serving party to explain the rules to the recipient, do they? No. Presumably, it wouldn't be enough just to give him a copy of the rule. You'd have to explain it to a pro se litigant, a potentially pro se litigant. We actually have a case law. You're about to talk about it. Go ahead. We have case law about summary judgments filed against pro se parties in the courts within the circuit that require the moving party to provide a copy of Rule 56 and to explain it, in essence, as a matter of, in essence, just sound management of cases. Good federal practice. But without that being an actionable wrong, leading to damages and attorney's fees, if you fail to provide such a notice, you just lose your motion. But I'm struggling, too, with the idea that it's unconscionable to use a standard tool for discovery aimed directly at the merits of the claim in the state court to seek the defendant's position. Well, the district court's analysis certainly did not focus only on the issue of, you know, he needed to be provided. There were other issues that the court analyzed, including the fact that when this gets sent with the summons and complaint by the clerk, it appears that this is, these requests for admissions are either coming from the court or endorsed by the court. But wasn't the argument that it was confusing, the fact that there were instructions in the complaint summons saying if you don't respond within 30 days, you'll get a default judgment? That same warning, however, was not included, or no warning was included, that were the discovery tool, the request for admissions, that said if you don't respond within 30 days, they will be deemed admitted. And the lower court found because they were packaged together, they were served together by the sheriff's office, that with the complaint and the summons, that the discovery tool or the request for admissions were confusing. And that's what led to the procedural violation, is that it was misleading. Yes, Your Honor. That's correct, and the court pointed out that, exactly that, that the timing, even the court's words were unsophisticated debtor, but even potentially a sophisticated debtor would be confused as to the timing on these issues. And when the response was, and the response to the summons was commanded, you must do this, the answer to the request for admissions was requested, the word requested. So there were other issues here on top of the fact that they didn't advise the consumer that he needed to respond within 30 days. What would be wrong, do you see any problems if we were to say, look, the mere service of these requests for admissions doesn't cause any harm, but if a defendant tried to use them in some way, then that might be a point at which a potential wrong had occurred. I see that, I understand that. I don't think, though, that that accounts for the fact that what happened in this case is that there's harm from the consumer, the defendant, later learning that they've admitted these things. They might have an attorney tell them. Well, what he learned, would you agree with me, is very incomplete. What he learned from you is that after 30 days, those are deemed admitted. You did not go on to tell him, however, apparently, that the court can grant relief, and as a practical matter, under the circumstances here where he filed a timely answer disputing the debt, such relief is very likely to be granted. The court has the power to grant that relief, but as the district court noted, it might or might not. It also has the power to deny that relief. It does. It could be costly. It might cause the consumer to have to hire an attorney and pay them to have those admissions set aside if they don't know how to do it themselves, so there's also some costs involved. But you would agree that none of that was information you provided to Mr. Patterson? I would agree. Can I loop back really quickly, the time that you have the injury? Phil, according to you, the timing was when they were deemed admitted, so this intangible harm, what common law would you tie that to? Essentially, it's deception. It's fraud. It's the common law analog to fraud and misrepresentation. Again, Mr. Patterson said, hey, if I'd have known this. Has any court, state or federal, ever deemed failure to notify a litigant about how state rules operate as a form of fraud? Judge Hamilton mentioned the requirement in federal court to notify litigants about Rule 56, but we don't view the absence of such a notice as a fraud. It's just a reason to deny the motion. Any authority for treating the absence of such notice as fraud? No. Your Honor, just ask about the closest common law analog. Yeah, well, but a common law analog has to be a common law analog, right? The word fraud exists in common law, but you need to show that that word is applied to circumstances like this at common law. And you've just agreed that it's not. I see my time is up. Thank you. Thank you, Mr. Duff. Mr. Murray, anything further? Your Honor, your Honor, Trial Rule 36 expressly allows the service of request for admission with the summons and the complaint. Presumably, that happens frequently, including in cases where the defendant who receives the complaint and summons is pro se at the time, whether it's a Fair Debt Collection Practices Act or some other type of litigation. Most defendants are pro se when they first receive the complaint. They are, Your Honor. And so this is certainly not out of the ordinary what happened in this case. I think it's also important to note that Mr. Patterson did nothing to defend this case for the entire duration of the collection action. And during the first seven months of the case, he didn't even know about the deemed admitted request for admission. So it's not necessary to speculate what he might have done differently had the request for admit never been served on him because of the fact the record shows that. He didn't know about them. He didn't read what was actually served on him? That doesn't seem a very good response. I don't know how much. You know about papers that have been served on you, and the statement, I didn't read papers that have been served on me, hardly means you didn't know about them. You're deemed to know them. Yes, Your Honor. You can't say this contract doesn't bind me because I didn't read it or I didn't know about papers that were served on me when they were properly served on me. That's correct, Your Honor. And I should clarify to say he didn't have the advice of his counsel about the effect. Right. He did not have a lawyer's advice about the legal consequences of that. That's correct, Your Honor. And to the court's remark earlier about the consequences for not providing the notice to a pro se summary judgment defendant, as the court noted, that's remedied by denying the motion. Here, trial rule 36 provides the mechanism that the court noted. All he had to do was withdraw the admissions. Well, he needed permission. Yes, Your Honor. A move to withdraw the admissions. So, would this case be different, Mr. Murray, if Mr. Howe had filed a motion for summary judgment in using the failure to respond to requests for admissions three and four? I think so, Your Honor. If there had been any adverse judicial decision against Mr. Patterson, he'd have a much stronger argument. Well, he'd have some other problems under the Rooker-Feldman Doctrine, right? But I'm wondering about, suppose he just had filed the motion. I do not know that, Your Honor. What occurred to me is, frankly, I think that if Mr. Patterson had even filed a motion to withdraw the admissions, I know this is a somewhat different issue, but if he had incurred illegal fees to do that, I think he would be in a stronger position. But the record here is clear that he incurred no expenses and no legal fees in the collection action whatsoever. He admitted that during his deposition. I'm curious as to why Mr. Howe didn't offer to just withdraw the requests for admissions himself after getting sued for having done it. I believe that Mr., and again, this is not a record. There were tens of thousands of dollars worth of fees into this, but okay. Mr. Howe at no point referenced the requests for admission to Mr. Patterson during the collection action. The record shows there was no discussion. Not only did he not use them, he never referenced them. It was as if they had never happened. That may be one reason why he didn't offer to withdraw them. Unless the Court has any further questions, I see him at the end of my time. Thank you very much. Case is taken under advisement.